IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PETER VICTOR AYIKA,§<br>    Petitioner,§<br>§<br>v.§<br>§<br>UNITED STATES OF AMERICA,§<br>    Respondent.§ | EP-25-CV-436-DB |

## MEMORANDUM OPINION AND ORDER

Peter Victor Ayika, former Federal Prisoner Number 33042-280, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed.

Ayika was a licensed pharmacist and the owner of Continental Pharmacy in El Paso, Texas. In March 2009, he was indicted for unlawfully possessing and distributing hydrocodone in violation of 21 U.S.C. §§ 846 and 841 (the "drug case"). *See United States v. Ayika*, EP-09-CR-660-DB-1 (W.D. Tex.), Indictment, ECF No. 1. He pleaded not guilty and proceeded to trial. He was found guilty on all counts by a jury. He was sentenced to 170 months' imprisonment. *Id*., J. Crim. Case, ECF No. 376. His sentence was later reduced to 151 months' confinement. *Id*., Order, ECF No. 503; *see also United States v. Ayika*, 584 F. App'x 239 (5th Cir. 2014) (denying Ayika's appeal of the district court's order denying his motion to dismiss the indictment); *Ayika v. United States*, No. EP-09-CR-660-FM-1, 2016 WL 9050959, at *1 (W.D. Tex. May 24, 2016) (denying Ayika's motion to vacate under 28 U.S.C. § 2255).

In August 2011, while Ayika was in prison for the drug case, he was indicted for healthcare fraud, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 1347, 1341, and 1343. *See United States v. Ayika*, EP-11-CR-2126-DB-1 (W.D. Tex.), Indictment, ECF No. 1. The charges related

to his submission of fraudulent claims for healthcare benefits in connection with his ownership of Continental Pharmacy (the "fraud case"). He pleaded not guilty and proceeded to trial. A jury found him guilty on the health care fraud count but not guilty on the remaining counts. He was sentenced to 87 months' imprisonment—consecutive to his sentence in the drug case. *Id.*, J. Crim. Case, ECF No. 277; *see also United States v. Ayika*, No. EP-11-CR-2126-DB, 2014 WL 12528355 (W.D. Tex. Sept. 15, 2014), *aff'd*, 837 F.3d 460 (5th Cir. 2016) (denying Ayika's "Motion to Vacate or Set Aside Order of Motion to Dismiss Indictment" and "Motion for Reconsideration [of Motion] to Dismiss Indictment"); *Ayika v. United States*, No. EP-20-CV-124-DB, 2020 WL 2494730 (W.D. Tex. May 14, 2020) (dismissing Ayika's § 2241 petition as a second or successive § 2255 motion); *Ayika v. United States*, No. EP-20-CV-124-DB, 2020 WL 3259805 (W.D. Tex. June 16, 2020) (denying Ayika's "Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241," which the Court construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59).

Ayika was released from prison by the Bureau of Prisons on April 2, 2025. *See* Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 33042-280) (last visited Oct 8, 2025). He now resides in El Paso, Texas. Pet'r's Pet., ECF No. 1 at 18.

Ayika now challenges his conviction in cause number EP-09-CR-660-DB-1 through a § 2241 petition. He asks that the Court vacate his conviction because, based on the Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022), he believes that he may have been convicted of a non-existent offense and was actually innocent of the charges alleged in the indictment. *Id.* at 1. He notes that in *Ruan*, the Supreme Court held in the prosecution of two physicians under the Comprehensive Drug Abuse Prevention and Control Act for "knowingly or intentionally" distributing a controlled substance "except as authorized," once the physicians met

2

the burden of producing evidence that their conduct was "authorized," the Government was required to prove beyond a reasonable doubt that the physicians knowingly or intentionally acted in an "unauthorized manner" to obtain a conviction. *Id*. (citing *Ruan* at 597 U.S. 468). Ayika argues that, as a pharmacist, he was similarly authorized to possess and distribute hydrocodone, and the Government did not meet its burden of showing he knowingly or intentionally acted in an unauthorized manner.

Ayika has been a voracious litigator. In an order entered in *United States v. Ayika*, No. 19-50637 (5th Cir. Feb. 21, 2020), Ayika was warned by the Fifth Circuit Court of Appeals "that the submission of repetitive or frivolous filings in this court will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction."  Subsequently, in *Ayika v. United States*, EP-20-CV-124-DB (W.D. Tex. June 16, 2020), Order, ECF No. 2 at 10–11, Ayika was sanctioned $100.00 by this Court for filing repetitive and frivolous pleadings in this Division which re-assert previously-rejected claims. He was also barred from filing any further complaints, petitions, or other documents without first satisfying the sanction and obtaining the permission of a United States District Judge in this Division to proceed.

Ayika has neither paid the $100.00 sanction nor obtained permission from a District Judge to proceed in this Court. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Peter Victor Ayika's petition for a "Writ of Habeas Corpus under to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED** without prejudice for failing to pay the court-imposed sanction before filing and failing to obtain prior approval from a judge to proceed with his petition.

**IT IS FURTHER ORDERED** that, to the extent that Petitioner Peter Victor Ayika's pleading may be construed as a second or successive motion to vacate under 28 U.S.C. § 2255, he is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 10th day of October 2025.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE