# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

PETER VICTOR AYIKA,            §
    Petitioner,            §
                §
v.            §            **Cause No. EP-25-CV-436-DB**
                §
UNITED STATES OF AMERICA,            §
    Respondent.            §

## MEMORANDUM OPINION AND ORDER

Peter Victor Ayika, former federal prisoner number 33042-280, seeks leave to file a motion for the Court to reconsider the dismissal of his writ of habeas corpus pursuant to 28 U.S.C. § 2241 in light of *Ruan v. United States*, 404 U.S. 519 (2022). Mot. for Reconsideration, ECF No. 5.[1] His motion for leave to file is granted, his motion for reconsideration is accepted and will be considered, but his § 2241 petition is denied for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Ayika was a licensed pharmacist in the State of Texas and the owner of Continental Pharmacy in El Paso, Texas. He used his position to profit from the illegal sale of hydrocodone to addicted customers. While initial prescriptions for these individuals were often valid, he continued to refill prescriptions for cash payments without any authorization from the customers' attending physicians. On some occasions, he provided hydrocodone without any prescription whatsoever.

In March 2009, he was indicted on multiple counts of unlawfully possessing and distributing hydrocodone in violation of 21 U.S.C. § 841 (the "drug case"). *See United States v. Ayika*, EP-09-cr-660-DB-1 (W.D. Tex.), Indictment, ECF No. 1; *see also United States v. Ayika*,

---

[1] "ECF No." refers to the Electronic Case Filing number for documents. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

584 F. App'x 239 (5th Cir. 2014) (denying Ayika's appeal of the district court's order denying his motion to dismiss the indictment). He pled not guilty and proceeded to trial. He was found guilty on all counts by a jury and sentenced to 170 months' imprisonment. *United States v. Ayika*, EP-09-cr-660-DB-1 (W.D. Tex.), J. Crim. Case, ECF No. 376. His sentence was later reduced to 151 months' confinement. *Id.*, Order, ECF No. 503.

In his direct appeal, Ayika argued, among other things, that as a licensed pharmacist he was authorized to distribute controlled substances and was therefore immune from prosecution under § 841:

> In an offense under § 841, lack of authorization is necessary to show that a person is not lawfully authorized to sell and possess a controlled substance or listed chemical, which is the necessary and essential element of the offense. A person, such as Defendant-Appellant, was listed and registered by the Attorney General and "DEA" and authorized to possess and sell controlled substances and listed chemicals, and as such, he [was] constitutionally immune from prosecution under § 841 …

*Id.*, Mem. Op. & Order, ECF No. 512 at 3 (quoting Appellant's Brief, ECF No. 479-1 at 16). His argument was rejected by the Fifth Circuit Court of Appeals, and his conviction and sentence were affirmed. *United States v. Ayika*, 542 F. App'x 344 (5th Cir. 2013). His petition for a writ of certiorari was denied by the Supreme Court. *Ayika v. United States*, 134 S. Ct. 1330 (2014).

In August 2011, while Ayika was in prison for the drug case, he was indicted for healthcare fraud, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 1347, 1341, and 1343 (the "fraud case"). *See United States v. Ayika*, EP-11-cr-2126-DB-1 (W.D. Tex.), Indictment, ECF No. 1. The charges related to his submission of fraudulent claims for healthcare benefits in connection with his ownership of Continental Pharmacy. He pled not guilty and proceeded to trial. A jury found him guilty on the health care fraud count but not guilty on the remaining counts. He was sentenced to 87 months' imprisonment—consecutive to his sentence in the drug case. *Id.*, J. Crim. Case,

ECF No. 277; *see also id.*, 2014 WL 12528355 (W.D. Tex. Sept. 15, 2014), *aff'd*, 837 F.3d 460 (5th Cir. 2016) (denying Ayika's "Motion to Vacate or Set Aside Order of Motion to Dismiss Indictment" and "Motion for Reconsideration [of Motion] to Dismiss Indictment"); *Ayika v. United States*, No. EP-20-cv-124-DB, 2020 WL 2494730 (W.D. Tex. May 14, 2020) (dismissing Ayika's § 2241 petition as a second or successive § 2255 motion); *Id.*, 2020 WL 3259805 (W.D. Tex. June 16, 2020) (denying Ayika's "Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241," which the Court construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59).

Ayika served his terms of imprisonment and was released from prison by the Bureau of Prisons on April 2, 2025. *See* Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 33042-280) (last visited Oct 8, 2025). He moved to El Paso, Texas. Pet'r's Pet., ECF No. 1 at 18.

Ayika now challenges his conviction in cause number EP-09-cr-660-DB-1, the "drug case," through a § 2241 petition. He asks that the Court vacate his conviction because, based on the Supreme Court's intervening decision in *Ruan v. United States*, 597 U.S. 450 (2022), he believes that he was convicted of a non-existent offense and was actually innocent of the charges alleged in the indictment. *Id.* at 1. He notes in *Ruan*, the Supreme Court held that in order to obtain the convictions of two physicians under 21 U.S.C. § 841 for "knowingly or intentionally" distributing a controlled substance "except as authorized," once the physicians met the burden of producing evidence that their conduct was "authorized," the Government was required to prove beyond a reasonable doubt that the physicians knowingly or intentionally acted in an "unauthorized manner." *Id.* (citing *Ruan* at 597 U.S. 468). Ayika argues that, as a pharmacist, he was similarly authorized to possess and distribute hydrocodone, and that the Government never met its burden

of showing that he knowingly or intentionally acted in an unauthorized manner. *Id*. at 3, 6, 7, 8, 11.

## APPLICABLE LAW

As a preliminary matter, a reviewing court must determine whether the petitioner properly raised a claim in a § 2241 petition. If the reviewing court finds "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see also* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

### A.  28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[2] 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

### B.  28 U.S.C. § 2255

By contrast, a motion attacking a federal sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680,

---

[2] *See Zolicoffer v. U.S. Dep't of Just.*, 315 F.3d 538, 540 (5th Cir. 2003) ("'Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.'") (quoting *Pack*, 218 F.3d at 454 n.5).

683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). And a § 2255

movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at

452.

### C.   Savings Clause

As a result, a federal prisoner who wants to challenge his conviction or sentence must

generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He

may, however, raise his claims in a § 2241 petition if they fall within the "savings clause" of §

2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief, *unless it also appears that
> the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court noted that § 2255(h) strictly

limited second or successive § 2255 motions to those which contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that
> no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made by the Supreme Court, that was
> previously unavailable.

*Jones*, 599 U.S. at 476 (quoting 28 U.S.C. § 2255(h)). It then explained as to those challenges that

fell outside of § 2255(h)—including challenges under § 2255(e)—"[t]he inability of a prisoner

with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a

habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480.

When a § 2241 petitioner cannot satisfy the savings clause requirements, the proper

disposition is to dismiss the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378,

379, 385 (5th Cir. 2003).

## ANALYSIS

Ayika was found guilty of unlawfully possessing and distributing hydrocodone in violation of 21 U.S.C. § 841. *See United States v. Ayika*, EP-09-cr-660-DB-1 (W.D. Tex.), J. Crim. Case, ECF No. 376. He has asked that the Court vacate his convictions through a § 2241 petition. Pet'r's Pet., ECF No. 1 at 17. He has argued that he was entitled to relief based on the reasoning in Supreme Court's intervening decision in *Ruan* which he maintained established his actual innocence. *Id.*

In *Ruan*, the Supreme Court considered "the state of mind that the Government must prove to convict" a doctor of violating 21 U.S.C. § 841(a). *Ruan*, 597 U.S. at 454. It noted that § 841(a) "makes it a federal crime, '[e]*xcept as authorized*[,] ... for any person knowingly or intentionally ... to manufacture, distribute, or dispense ... a controlled substance.'" *Id.* (alteration and emphasis in original) (quoting 21 U.S.C. § 841(a)). It determined that for the Government to convict a medical professional for dispensing a controlled substance under 21 U.S.C. § 841 after he "produces evidence that he … was authorized to dispense controlled substances, it must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Id.*

Ayika argues that the Court did not properly instruct the jury during his trial regarding the mens rea requirements of § 841. Mot. for Reconsideration, ECF No. 5 at 2. He claims that the Court "instructed the jury with the good faith defense that required the jury to determine whether [he] acted in an honest effort in accordance with a generally recognized and accepted standard of practice." *Id.* at 2–3; *see also United States v. Ayika*, 3:09-cr-00660-DB (W.D. Tex), Instructions, ECF No. 301 at 13–14 ("A pharmacist who, in good faith, dispenses, distributes or possesses with

the intent to distribute drugs in the regular course of legitimate professional practice is protected

from prosecution under the statue. But pharmacists who act outside the usual course of professional

practice and dispense drugs for no legitimate medical purpose may be guilty of violating the law.")

He maintains that he objected to the instruction and asked for one that would permit a conviction

only if the jury "found [he] knowingly distribute[d] or dispense[d] controlled substances …

without proper authorization." *Id*. at 3.

       The Court cannot reach the merits of Ayika's *Ruan*-based argument because "*Ruan*—an

intervening change in statutory interpretation—no longer qualifies for the savings clause in §

2255(e) following the Supreme Court's decision in *Jones v. Hendrix*." *Martinez v. United States*,

No. 4:23-cv-0154, 2023 WL 5655533, at *3 (M.D. Pa. Aug. 31, 2023) (citing *Jones*, 599 U.S. at

470–71).

       In *Ruan*, the Supreme Court does not recognize a new rule of constitutional law because

its decision is based on existing general principles of criminal law. Indeed, it dedicates four

paragraphs to explaining the origins of the "scienter" presumption in criminal statutes. *Ruan*, 597

U.S. at 457–58. It explains that when it interprets criminal statutes, it presumes "Congress intends

to require a defendant to possess a culpable mental state." *Id*. at 438 (quoting *Rehaif v. United

States*, 588 U.S. 225, 228–29). It concludes that "[a]pplying § 841's 'knowingly or intentionally'

mens rea to the authorization clause ... 'helps advance the purpose of scienter, for it helps to

separate wrongful from innocent acts.'" *Id.* at 459 (quoting *Rehaif*, 588 U.S. at 232). Moreover, it

also does not hold that *Ruan* is retroactively applicable to cases on collateral review. *United States

v. Jones*, No. CR 15-61, 2024 WL 4723258, at *3 (E.D. La. Nov. 8, 2024); *see also* 28 U.S.C. §

2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation

period shall run from the latest of … the date on which the right asserted was initially recognized

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review …").

"Several other courts have recognized that the *Ruan* decision is not a basis to invoke the savings clause" in § 2255(e). *Blake v. Smith*, No. 4:23-cv-238-O, 2024 WL 812035, at *4 (N.D. Tex. Feb. 27, 2024), *aff'd*, No. 24-10249, 2024 WL 5244923 (5th Cir. Dec. 30, 2024) (citing *Okechuku v. Salmonson*, No. 5:22-cv-135, 2023 WL 5519362, at * 11 (E.D. Tex. Aug. 1, 2023), *R. & R. adopted*, 2023 WL 5510281 (E.D. Tex. Aug. 25, 2023) ("*Ruan* fails to trigger the savings clause of § 2255 under *Jones v. Hendrix* … because it is a matter of statutory interpretation."); *Dixon v. Knight*, 1:23-cv-01764-RMB, 2023 WL 4366261, at *1 (D. N.J. Jul. 6, 2023) ("In *Jones*, the Supreme Court held that 'a federal prisoner may not ... file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved.'") (quoting *Jones v. Hendrix*, 599 U.S. at 469–70); *Givens v. Trate*, No. 1:23-cv-0954-SKO (HC), 2023 WL 4306266, at *3 (E.D. Cal. Jun. 30, 2023), *R. & R. adopted*, 2023 WL 5207628 (E.D. Cal. Aug. 14, 2023) ("In *Jones*, the Supreme Court held 'that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition.'") (quoting *Jones v. Hendrix*, 599 U.S. at 471)).

### CONCLUSION AND ORDERS

The Court concludes it plainly appears from the petition and any attached exhibits that Ayika cannot satisfy either prong of the stringent § 2255(e) savings clause test. Hence, it concludes he cannot meet his burden of demonstrating the inadequacy or ineffectiveness of § 2255 and he is not entitled to relief under § 2241. The Court accordingly enters the following orders:

**IT IS ORDERED** that that Peter Victor Ayika's *pro se* "Motion for Reconsideration of Writ of Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Peter Victor Ayika's *pro se* "Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1), as amended by his "Motion for Reconsideration of Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 5), is **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Peter Victor Ayika's petition may be construed as a second or successive motion under 28 U.S.C. § 2255 submitted without the approval of a circuit court of appeals, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **4th** day of **December 2025**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**